PHILIP A. GASTEIER (SBN 130043)
pag@lnbyb.com
JULIET Y. OH (SBN 211414)
jyo@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Counsel for Chapter 11 Debtor
and Debtor in Possession

FILED & ENTERED

SEP 17 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>APEX DIGITAL, INC., a California corporation,<br><br>Debtor. | Case No.:  2:10-bk-44406-PC<br><br>Chapter 11 Case<br><br>ORDER GRANTING MOTION FOR ENTRY OF AN ORDER:  (A) APPROVING COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND SECURED CREDITOR;  (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS;  (C) APPROVING CONSULTING AGREEMENT; AND (D) GRANTING RELATED RELIEF<br><br>Date:    September 17, 2010<br>Time:    10:00 a.m.<br>Place:   Courtroom 1539<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

1       A hearing on the Motion For Entry Of An Order: (A)   Approving Compromise Of

2   Controversy Between Debtor And Secured Creditor;  (B)  Authorizing The Sale Of Substantially

3   All Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Interests; (C)

4   Approving Consulting Agreement; And (D) Granting Related Relief (the "<u>Motion</u>"), filed by

5   Apex Digital, Inc., a California corporation, the debtor and debtor in possession in the above-

6   captioned chapter 11 bankruptcy case (the "<u>Debtor</u>"),  was held before the undersigned United

7   States Bankruptcy Judge on September 15, 2010, at which time this Court continued the hearing

8   to September 17, 2010, for the announcement of the Court's decision and finding of fact and

9   conclusions of law.   Appearances were as noted in the record.

10       The Court having reviewed and considered the Motion and supporting papers, the

11   Objection to the Motion and other supporting papers filed by Jiangsu Hongtu High Tech Co. Ltd.

12   (the "Hongtu Objection"), the Replies to the Hongtu Objection and other supporting papers filed

13   by the Debtor and by Kith Electronics Limited, and having heard the arguments of counsel at the

14   hearing; no other party having appeared to present an offer for the Purchased Assets (defined

15   herein); the Court having found that notice of the Motion was proper and sufficient in the

16   circumstances; good and sufficient cause appearing therefor, it appearing that the relief requested

17   in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in

18   interest; and the Court being otherwise fully advised in the premises and having stated its

19   findings and conclusions on the record in open Court at the continued hearing,

20

21       IT IS HEREBY ORDERED:

22       1.    The Motion is granted as set forth herein.

23       2.    The Consulting, Sale and Settlement Agreement ("Agreement") dated as of

24   August 17, 2010, between the Debtor, Kith Consumer Product, Inc. ("Kith Consumer") and to a

25   limited extent Kith Electronics Limited ("KEL"), a copy of which is attached as Exhibit "1" to

26   the Declaration of David Ji filed concurrently with the Motion (Docket #30), is hereby approved.

27

28

Any terms not specifically defined herein shall have the meanings ascribed to them in the Agreement.

3.    The sale to Kith Consumer of all of the assets of Debtor identified as the "Purchased Assets" in Article I, Section 1.1 of the Agreement, which shall not include those assets listed in Section 1.2 of the Agreement (the "Excluded Assets"), in exchange for the assumption by Kith Consumer of the Debt Assumption and other Consideration as provided in Article II, section 2.1 of the Agreement, is hereby approved and confirmed pursuant to 11 U.S.C. §363, such sale to be free and clear of any and all liens, encumbrances, claims, rights, demands, charges, mortgages, options, pledges, security interests or similar interests, title defects and claims relating to unpaid license fees, royalty fees, other intellectual property violations and infringement claims, tenancies (and other possessory interests), easements, rights of way, covenants, encroachments, rights of first refusal, preemptive rights, judgments, conditional sale or other title retention agreements and other impositions or imperfections of title or restrictions on transfer of any nature (collectively, the "Encumbrances") pursuant to 11 U.S.C. §363(f).

4.    The Court having found that the KEL Debt is a valid secured claim as to the Purchased Assets, the settlement between the Debtor and KEL provided for in the Agreement is hereby approved, the Debtor is authorized to enter into the Debt Assignment and Assumption Agreement in the form attached as Exhibit "B" to the Agreement, and the Remaining Debt provided for in Article II, section 2.1 of the Agreement (i) shall be an allowed claim against the Debtor's bankruptcy estate in the amount of $1,500,000.00 and not subject to objection, avoidance, subordination or other challenge by any entity, and (ii) is secured by a valid, perfected first priority security interest and lien against all of Debtor's assets in which KEL held a pre-petition security interest, including but not limited to Debtor's remaining accounts receivable and inventory, which security interest is not subject to objection, avoidance, subordination or other challenge by any entity.

5.    Pursuant to 11 U.S.C. §§ 363(b) and (f) and 365(b), the Debtor and its officers, employees and agents, are authorized, empowered, and, subject to the terms of the Agreement

and this Order, directed to execute, deliver, and perform under, consummate, and implement the Agreement together with all additional instruments and documents that are requested by Kith Consumer and may be reasonably necessary or desirable to implement the Agreement, and to take any and all actions as Debtor deems necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to Kith Consumer or reducing to possession of Kith Consumer, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6.    The terms and provisions of the Agreement and the Order shall be binding in all respects upon all persons, including, but not limited to, the Debtor and its estates and creditors and all governmental bodies.

7.    Pursuant to 11 U.S.C. §§105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing the transfer of the Purchased Assets to Kith Consumer pursuant to the Agreement shall constitute a legal, valid, and effective transfer of the Purchased Assets and shall vest Kith Consumer with all right, title, and interest in and to the Purchased Assets free and clear of Encumbrances.

8.    The terms and provisions of the Agreement, the ancillary agreements, and this Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, Kith Consumer, KEL and their respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of this case to a case under chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding.    The Agreement and the transactions contemplated thereby may be specifically enforced against, and shall not be subject to rejection or avoidance by, the Debtor or any Chapter 7 or Chapter 11 Trustee of Debtor.

9.    The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not constitute  a material modification of

such instrument.

10. The failure specifically to include any particular provisions of the Agreement or the ancillary agreements in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement and the ancillary agreements be authorized and approved in their entirety.

11. To the extent of any inconsistency between the provisions of this Order, the Agreement, and any documents executed in connection therewith, the provisions contained in the Agreement and the Order and any documents executed or delivered in connection therewith shall govern, in that order.

12. Nothing contained in any chapter 11 plan confirmed in this chapter 11 case or any Order of this Court confirming such plan or any other order entered in this chapter 11 case (or any converted chapter 7 case) shall conflict with or derogate from the provisions of the Agreement, to the extent modified by this Order, or the terms of this Order.

13. In the event that this chapter 11 case is dismissed or converted to a chapter 7 case, or a trustee is appointed (whether under chapter 11 or 7), neither the dismissal nor conversion of this case, nor the appointment of such a trustee, shall affect, in any manner, the rights of Kith Consumer under the Agreement or this Order, or any other agreements executed by Debtor in conjunction with the Agreement, and such agreements shall remain in full force and effect as if the case had not been dismissed or converted or a trustee had not been appointed.

14. This Order shall take immediate effect and the 14-day appeal period provided by Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) are hereby waived for cause so that the Closing under the Agreement may take place immediately.

15. Any and all oppositions to the motion not heretofore withdrawn are overruled.

16. The Agreement was negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's-length bargaining positions; accordingly, Kith Consumer has acted in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code and is a good faith buyer entitled to all of the protections afforded by that Section.

17.    This Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to the Agreement, or the breach thereof.

###

DATED: September 17, 2010

_____
United States Bankruptcy Judge

| | |
|---|---|
| In re:<br><br>          **APEX DIGITAL, INC.,**<br><br>          Debtor(s). | **CHAPTER 11**<br><br>**CASE NO.  2:10-bk-44406-PC** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT (ORDER/JUDGMENT)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA  90067.

A true and correct copy of the foregoing document described as:  **ORDER GRANTING  MOTION FOR ENTRY OF AN ORDER: (A) APPROVING COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND SECURED CREDITOR; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (C) APPROVING CONSULTING AGREEMENT; AND (D) GRANTING RELATED RELIEF**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Service information on attached page [ ]

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL OR ATTORNEY SERVICE:**  On **September 17, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service and/or by attorney service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*BY OVERNITE EXPRESS*
Hon. Peter H. Carroll
U. S. Bankruptcy Court/Los Angeles Div.
Edward R. Roybal Fed. Bldg. & Courthouse
255 E. Temple Street, Suite 1539
Los Angeles, CA  90012

*BY U.S. MAIL*
Office of the United States Trustee
Attn:  Russell Clementson
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA  90017

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Service information on attached page [ ]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 17, 2010 | TRISH MELENDEZ | /s/  TRISH MELENDEZ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1

***Debtor/Debtor-in-Possession***

2

3

Apex Digital, Inc.
301 Brea Canyon Road
Walnut, CA 91789

4

***Secured Creditors***

5

6

| | | |
|---|---|---|
| The CIT Group/Commercial Services | Wells Fargo Trade Capital, LLC | Alan S. Gutman, Esq. |
| 300 South Grand Avenue | 333 South Grand Avenue, Suite 4150 | 9401 Wilshire Blvd., Suite 575 |
| Los Angeles, CA 90071 | Los Angeles, CA 90071 | Beverly Hills, CA 90212 |

7

8

9

| | | |
|---|---|---|
| Kith Electronics Limited | MPEG LA | <u>Counsel for MPEG LA</u> |
| 1/F Hing Lung Commerical Building | 6312 S Fiddlers Green Circle | Michael H. Steinbuerg, Esq. |
| 68 Bonham Stand East, Hong Kong | Suite 400E | Sullivan & Cromwell LLP |
| **CHINA  [no zip code ]** | Greenwood Village, CO 80111 | 1888 Century Park East, Suite 2100 |
| | | Los Angeles, CA 90067 |

***20 Largest Unsecured Creditors***

10

11

| | | |
|---|---|---|
| Covington & Burling LLP | Regent USA Inc | Koninklijke Philips Electronics |
| 1201 Pennsylvania Ave. N.W. | 1208 John Reed Court | 1251 Avenue of the Americas |
| Washington, DC 20004-2401 | City of Industry, CA 91745 | New York, NY 10020 |
| | **[DISSOLVED]** | |

12

13

| | | |
|---|---|---|
| Wintek Group, Inc. | G & J Express Transport, Inc | Disco Vision |
| 13418 Wandering Ridge Way | 9121 Blackley Street | 1925 E. Dominguez St. |
| Chino Hills, CA 91709 | Temple City, CA 91780 | Long Beach, CA 90810 |

14

15

| | | |
|---|---|---|
| Oracle Corporation | MPEG LA | Vizio |
| 500 Oracle Parkway | 6312 S Fiddlers Green Circle | 39 Tesla |
| Redwood City, CA 94065 | Suite 400E | Irvine, CA 92618 |
| | Greenwood Village, CO 80111 | |

16

17

18

| | | |
|---|---|---|
| Jiangsu Qiao Yue Shu Ma You Xian | Funai | Jiangsu Hongtu High Tech Co Ltd |
| #1, Jing Jiu Road, Ding Mao Jing Ji | 7-1, 7-Chome, Nakagaito | 83 Hu Bei Road |
| Kai Fa, Zhen Jiang City, Jiangsu | Daito, Osaka 574-0013 | Nanijing P.R., Post Code 210009 |
| **CHINA  212009** | **JAPAN** | **CHINA** |

19

20

| | | |
|---|---|---|
| Shanghai World Trade Dev. Co., | Wi-LAN V-Chip Corp. | Thomson Multimedia |
| LTD | 11 Holland Avenue, Suite 608 | Two Independence Way, Suite 100 |
| Unit 118, Suite 1016, Xin Ling Road | Attn:  Prashant R. Watchmaker, Gen. | Princeton, NJ 08540 |
| Wai Gao Qiao Bao Shui, Shanghai | Counsel | |
| **CHINA  200031** | Ottawa, ON  K1Y 4S1 | |
| | **CANADA** | |

21

22

23

| | |
|---|---|
| Sichuan Digital Telemedia Co. Ltd. | Apex Digital Inc. Ltd. |
| Jiuzhopu Electric Bldg., 6th Floor | Unit 37031, 37/F West Tower Shun |
| High-Tech Park, Nanshan, Shenzhen | Tak Centre 168-200 Connaught Rd |
| **CHINA  518057** | Cen |
| | **HONG KONG** |

24

25

26

27

28

| In re: | CHAPTER 11 |
| **APEX DIGITAL, INC.,** Debtor(s). | CASE NO. 2:10-bk-44406-PC |

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled:  **ORDER GRANTING  MOTION FOR ENTRY OF AN ORDER: (A) APPROVING COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND SECURED CREDITOR; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (C) APPROVING CONSULTING AGREEMENT; AND (D) GRANTING RELATED RELIEF,**  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **September 17, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Service information on attached page  [X]

**II.  SERVED BY THE COURT VIA U.S. MAIL:**  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

`Apex Digital, Inc.`
`301 Brea Canyon Road`
`Walnut, CA 91789`

Office of the United States Trustee
Attn:  Russell Clementson
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA  90017

Service information on attached page  [  ]

**III.  TO BE SERVED BY THE LODGING PARTY:**  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Service information continued on attached page  [  ]

9

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Philip A Gasteier on behalf of Debtor Apex Digital, Inc.
pag@lnbrb.com

John W Kim on behalf of Interested Party Courtesy NEF
jkim@nossaman.com

Juliet Y Oh on behalf of Debtor Apex Digital, Inc.
jyo@lnbrb.com, jyo@lnbrb.com

Kathy Bazoian Phelps on behalf of Creditor Kith Electronics Limited
kphelps@dgdk.com

Robert M Saunders on behalf of Interested Party Jiangsu Hongtu High Tech Co., Ltd.
rsaunders@pszjlaw.com, rsaunders@pszjlaw.com

George E Schulman on behalf of Creditor Kith Electronics Limited
GSchulman@DGDK.Com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov