Ira D. Kharasch (CA Bar No. 109084)
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

E-mail:  ikharasch@pszjlaw.com
         rsaunders@pszjlaw.com

[Proposed] Attorneys for the Official Committee of
Creditors Holding Unsecured Claims

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:10-bk-44406-PC |
| APEX DIGITAL, INC., a California Corporation, | Chapter 11 |
| Debtor | **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTIONS 105(a), 107(b), AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ROBERT M. SAUNDERS IN SUPPORT THEREOF** |
| | [No Hearing Required] |

**TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE DEBTOR AND DEBTOR IN POSSESSION, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

The Official Committee of Unsecured Creditors (the "Committee") hereby moves this Court (the "Motion") for entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of

04419-002\DOCS_LA:226113.3

Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Committee's adoption of certain information sharing procedures pursuant to section 1102(b)(3)(A) of the Bankruptcy Code.

Specifically, the Committee requests authority to (a) withhold confidential and privileged information under the "information access" prong of the statute, and (b) satisfy its duties under the "comment solicitation" prong of the statute by means of a link to a web page posted on, and accessible via, an internet website dedicated to the Committee. The Committee seeks to satisfy its information sharing obligations in as streamlined and inexpensive a manner as possible. Thus, the Committee will communicate with its constituency through, inter alia, the website established at: www.pszjlaw.com.

This Motion is based on the facts and legal analysis set forth in the accompanying Memorandum of Points and Authorities, the Declaration of Robert M. Saunders, the record in this case, any other evidence properly before the Court prior to or at the hearing on the Motion and all matters of which this Court may properly take judicial notice.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order approving the Motion and granting such other and further relief as this Court deems just and proper.

Dated:    October 21, 2010        PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Robert M. Saunders*
      Ira D. Kharasch (CA Bar No. 109084)
      Robert M. Saunders (CA Bar No. 226172)
      Attorneys for the Official Committee of
      Creditors Holding Unsecured Claims

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are sections 105(a), 107(b), and 1102(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9018.

## II.

## FACTS

On August 17, 2010, Apex Digital, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its property as a debtor-in-possession.

On September 14, 2010, the United States Trustee appointed the Committee in the case pursuant to section 1102 of the Bankruptcy Code.

## III.

## ARGUMENTS AND AUTHORITY

Section 1102(b)(3)(A) states, in relevant part, that a committee appointed under section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee[.]"  11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(B) further provides that a committee must "solicit and receive comments from the creditors described in subparagraph (A)[.]"  11 U.S.C. § 1102(b)(3)(B).

Sections 1102(b)(3)(A) and (B) do not indicate how a creditors' committee should provide "access to information" for creditors, or "solicit and receive comments" from creditors.  There is no legislative history to section 1102(b)(3) to provide guidance on the application of this new provision, and whether it could be construed to apply to confidential or privileged information.

For purposes of this Motion, the term "Confidential Information" means any non-public or proprietary information of the Debtor or the Committee, including, without limitation, information concerning the Debtor's assets, liabilities, business operations, projections or analyses, as may be

04419-002\DOCS_LA:226113.3     3

agreed upon by the Committee and the Debtor.[1] The term "Privileged Information" means any information that is subject to the attorney-client or attorney work product privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other party.

The enactment of section 1102(b)(3)(A) raises the issue of whether the Committee could be required to share Confidential Information or Privileged Information with any unsecured creditor. Given the importance of this issue, the Committee seeks an order of the Court confirming that section 1102(b)(3)(A) does not authorize or require the Committee to provide access to each and every piece of Confidential Information or Privileged Information to any creditor that the Committee represents. *In re Refco, Inc.*, 336 B.R. 187 (Bankr. S.D.N.Y. 2006) (Section 1102(b)(3) does not require the dissemination of confidential information or such information that would constitute a breach of attorney-client privilege. In determining whether to release information, committees must consider the requesting party's willingness to agree to confidentiality and trade restraints.).

Section 1102(b)(3)(B) does not specifically address how a committee should "solicit and receive comments" from its constituents. The Committee proposes to satisfy this statutory requirement in two ways. First, the Committee will add information to a dedicated creditor information webpage at www.pszjlaw.com that will contain (a) links to public sources for pleadings and other case information (such as PACER and this Court's internet site), (b) documents that can be downloaded or viewed using the Adobe Acrobat reader, (c) links to email addresses for Committee counsel to whom questions or information requests may be directed, (d) as necessary, periodic updates or reports to creditors generally, and (e) such other information as the Committee deems appropriate. In each instance, of course, only non-confidential and non-privileged information would be made available to the Committee's constituency. In addition to the foregoing, the

---

[1] Confidential Information would not, however, include information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Committee or the Debtor (ii) is or can become available to the public due to prior disclosures; (iii) was in the possession of the Committee prior to its disclosure by the Debtor and is not subject to any other duty or obligation to maintain confidentiality; (iv) is disclosed by the Debtor directly to an individual Committee member not in its capacity as a member of the Committee in which case such disclosure would be governed by any agreement between the Debtor and such individual Committee member as may exist between them outside of this Agreement; or (v) is otherwise disclosed as permitted under the terms of any confidentiality agreement enter into with the Debtor.

04419-002\DOCS_LA:226113.3        4

1 Committee will post newsletters on the web page and/or through a mailing to the Debtor's applicable

2 creditor list if and when necessary to communicate with the unsecured creditors.

3 When a statute is clear and unambiguous, "the sole function of the courts is to enforce it

4 according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting

5 *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).  However, in "rare cases [in which] the literal

6 application of a statute will produce a result demonstrably at odds with the intention of its drafters …

7 the intention of the drafters, rather that the strict language, controls." *Id.* at 242-43 (citing *Griffin v.*

8 *Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

9 The Committee submits that section 1102(b)(3) is unclear.  The statute requires a committee

10 "to provide access to information" and to "solicit and receive comments" from creditors, yet sets

11 forth no guidelines as to the type, kind and extent of the information to be provided or the method

12 for soliciting input from creditors.  In its extreme, section 1102(b)(3)(A) could be read as requiring a

13 committee to provide access to all information provided to it by a debtor, or developed through

14 exercise of its investigative function, regardless of whether the information is confidential,

15 privileged, proprietary or material non-public information and regardless of whether disseminating

16 such information implicates securities laws disclosure requirements. *See* 17 C.F.R. §§243.100-

17 243.103 (2005).  Similar relief as the relief requested herein has been granted in other chapter 11

18 cases. *See, e.g.*, *Refco.*, 336 B.R. 187 (Granting the motion of the committee to clarify the

19 requirement to provide access to information pursuant to section 1102(b)(3)(A) until the court

20 further clarifies the requirements under section 1102 or the committee establishes an information-

21 sharing protocol).

22 As discussed above, the legislative history does not provide meaningful guidance and merely

23 reiterates the language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87

24 (2005) ("Section 405(b) [of the Bankruptcy Abuse Prevention and Consumer Protection Act of

25 2005] requires the committee to give creditors having claims of the kind represented by the

26 committee access to information.  In addition, the committee must solicit and receive comments for

27 these creditors and, pursuant to court order, make additional reports and disclosures available to

28 them.").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Committee believes that section 1102(b)(3) was intended to expand the involvement of unsecured creditors in chapter 11 cases. In this regard, however, Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor or assembles on its own. If this had been the intention, section 1102(b)(3) would frustrate numerous provisions of the Bankruptcy Code.

Further, section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."[2] Section 107(b)(1) is mandatory. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). As a result, under section 107(b)(1) and Bankruptcy Rule 9018, this Court is empowered to protect the Committee from having to release Confidential Information or Privileged Information to general creditors. The Court has further authority under section 105(a) to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Protecting the release of Confidential Information and Privileged Information is necessary to accomplish that purpose.

The disclosure of nonpublic or privileged information to unsecured creditors will impede the ability of the Committee to perform its statutory function in this case. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) and Bankruptcy Rule 9018, the Committee requests confirmation that Section 1102(b)(3)(A) does not authorize or require the Committee to provide access to Confidential Information or Privileged Information to any creditor that the Committee represents.

In addition, given the lack of clarity in Section 1102(b)(3)(B) regarding the Committee's duty to solicit and receive comments from its constituency, the Committee seeks an order establishing that this statutory obligation is satisfied by the Committee creating and maintaining a web page dedicated to the Committee, to make non-confidential and non-privileged information

---

[2] Section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …." Fed. R. Bankr. P. 9018.

available to its constituency. *In re S&B Surgery Center, Inc.*, 421 B.R. 546, 550 (Bankr. C.D. Cal. 2009).

## IV.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court enter an order approving the relief requested in this Motion and granting the Committee such other and further relief to which it may be entitled.

Dated:   October 21, 2010        PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Robert M. Saunders*
    Ira D. Kharasch (CA Bar No. 109084)
    Robert M. Saunders (CA Bar No. 226172)
    [Proposed] Attorneys for the Official
    Committee of Creditors Holding
    Unsecured Claims

## DECLARATION OF ROBERT M. SAUNDERS

I, Robert M. Saunders, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court and am an attorney at Pachulski Stang Ziehl & Jones LLP, proposed counsel for the Official Unsecured Creditors Committee. I submit this declaration in support of the *Motion of the Official Committee of Unsecured Creditors for Order Approving Information Access Protocol Under Section 1102(b)(3) of the Bankruptcy Code* (the "Motion").

2. I have personal knowledge of the facts set forth in the foregoing Motion and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

3. On August 17, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in -possession.

4. On September 14, 2010, the United States Trustee appointed the Committee in the Debtor's bankruptcy case pursuant to Section 1102 of the Bankruptcy Code.

5. The Committee has selected Pachulski Stang Ziehl & Jones LLP to act as its counsel in this case.

6. The Committee proposes to satisfy the requirements of Section 1102(b)(3)(B) of the Bankruptcy Code in section in two ways. First, the Committee will add information to a dedicated creditor information webpage at www.pszjlaw.com that will contain (a) links to public sources for pleadings and other case information (such as PACER and this Court's internet site), (b) documents that can be downloaded or viewed using the Adobe Acrobat reader, (c) links to email addresses for Committee counsel to whom questions or information requests may be directed, (d) as necessary, periodic updates or reports to creditors generally, and (e) such other information as the Committee deems appropriate. In each instance, of course, only non-confidential and non-privileged information would be made available to the Committee's constituency. Second, the Committee will post newsletters on the web page and/or through a mailing to the Debtor's applicable creditor list if and when necessary to communicate with the unsecured creditors.

I declare under penalty of perjury under the laws of the State of California and the United

1  States of America that the foregoing is true and correct.

2      Executed this 21st day of October, 2010, at Los Angeles, California.

                                       */s/ Robert M. Saunders*
                                       Robert M. Saunders

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document described **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTIONS 105(A), 107(B), AND 1102(B)(3)(A) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ROBERT M. SAUNDERS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 21, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 21, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 21, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

By Personal Delivery
Honorable Peter H. Carroll
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 21, 2010 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                **F 9013-3.1.PROOF.SERVICE**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Philip A Gasteier on behalf of Debtor Apex Digital, Inc.
pag@lnbrb.com

John W Kim on behalf of Interested Party Courtesy NEF
jkim@nossaman.com

Juliet Y Oh on behalf of Debtor Apex Digital, Inc.
jyo@lnbrb.com, jyo@lnbrb.com

Kathy Bazoian Phelps on behalf of Creditor Kith Electronics Limited
kphelps@dgdk.com

Robert M Saunders on behalf of Interested Party Jiangsu Hongtu High Tech Co., Ltd.
rsaunders@pszjlaw.com, rsaunders@pszjlaw.com

George E Schulman on behalf of Creditor Kith Electronics Limited
GSchulman@DGDK.Com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Lindsey L Smith on behalf of Debtor Apex Digital, Inc.
lls@lnbrb.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

II. **TO BE SERVED BY U.S. MAIL**

<u>Attorneys for Jiangsu Hongtu High Tech Co. Ltd.</u>
Alan S. Gutman, Esq.
9401 Wilshire Blvd., Suite 575
Beverly Hills, CA 90212

<u>Attorneys for MPEG, LA, L.L.C.</u>
Michael H. Steinberg, Esq.
Sullivan & Cromwell LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067

<u>Attorneys for Wi-Lan, Inc.</u>
Prashant Watchmaker, Assistant General Counsel
11 Holland Ave., Suite 608
Ontario, Kiyiwi, CANADA

*Please see attached service list*

III. **TO BE SERVED VIA EMAIL**

<u>Jiangsu Hongtu High Tech Co. Ltd.</u>
Attn:  Sunny
Humao & Guigu Law Firm
Email:  chenxiaoyang@hmgglaw.com
Email:  chen0760@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                              **F 9013-3.1.PROOF.SERVICE**

Covington & Burling LLP
1201 Pennsylvania Ave. N.W.
Washington, DC 20004-2401

Regent USA Inc
1208 John Reed Court
City ofIndustry, CA 91745
**[DISSOLVED]**

Koninklijke Philips Electronics
1251 A venue of the Americas
New York, NY 10020

Wintek Group, Inc.
13418 Wandering Ridge Way
Chino Hills, CA 91709

G & J Express Transport, Inc
9121 Blackley Street
Temple City, CA 91780

Disco Vision
1925 East Dominguez St.
Long Beach, CA 90810

Oracle Corporation
500 Oracle Parkway
Redwood City, CA 94065

MPEGLA
6312 S Fiddlers Green Circle
Suite 400E
Greenwood Village, CO 80

Vizio
39 Tesla
Irvine, CA 92618

Jiangsu Qiao Yue Shu Ma You Xian
#1, Jing Jiu Road, Ding Mao Jing Ji
Kai Fa, Zhen Jiang City, Jiangsu
**CHINA 212009**

Funai
7-1, 7-Chome, Nakagaito
Daito, Osaka 574-0013
**JAPAN**

Jiangsu Hongtu High Tech Co Ltd
83 Hu Bei Road
Nanijing P.R., Post Code 210009
**CHINA**

Shanghai World Trade Dev. Co., LTD
Unit 118, Suite 1016, Xin Ling Road
Wai Gao Qiao Bao Shui, Shanghai
**CHINA 200031**

Wi-LAN V-Chip Corp.
11 Holland Avenue, Suite 608
Attn: Prashant R. Watchmaker,
General Counsel
Ottawa, ON K 1 Y 4S 1
**CANADA**

Thomson Multimedia
Two Independence Way, Suite 100
Princeton, NJ 08540

Sichuan Digital Telemedia Co. Ltd.
Jiuzhopu Electric Bldg., 6th Floor
High-Tech Park, Nanshan, Shenzhen
**CHINA 518057**

Apex Digital Inc. Ltd.
Unit 37031, 37/F West Tower Shun
Tak Centre 168-200 Connaught Rd Cen
**HONG KONG**

### Secured Creditors

The CIT Group/Commercial Services
300 South Grand Avenue
Los Angeles, CA 90071

Wells Fargo Trade Capital, LLC
333 South Grand Avenue, Suite 4150
Los Angeles, CA 90071

Kith Electronics Limited
Attn: King Chun Hui
IIF Hing Lung Commerical Building
68 Bonham Stand East,
**HONG KONG**

MPEGLA
6312 S Fiddlers Green Circle
Suite 400E
Greenwood Village, CO 80111